IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| STEPHANIE GANTT,<br><br>　　Plaintiff,<br><br>vs.<br><br>ALBERTO DIAZ, III,<br><br>　　Defendant. | Case No.: 2:23-cv-00126<br><br>HEARING REQUESTED |

**PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

COMES NOW Plaintiff Stephanie Gantt, by and through counsel, and respectfully requests a damages hearing and entry of default judgment against Defendant Alberto Diaz, III. The Plaintiff states as follows:

Rule 55 of the Federal Rules of Civil Procedure provides the mechanism for default judgments. Specifically, Rule 55 establishes a two-part process for obtaining a default judgment.

First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk [of court] must enter the party's default." FED. R. CIV. P. 55(a). Such has been the case here; the Clerk of Court entered a default against Defendant Alberto Diaz, III on or about November 3, 2023. See Doc. 18.

After a default has been entered, in cases like these, "the [Plaintiff] must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Once a party applies for default judgment (as the Plaintiff has done here), "[t]he court *may* conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Id. (emphasis added).

Such a hearing is warranted in this case. "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (internal quotations omitted). "Thus, before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id*.

This Court "may conduct hearings" to perform tasks such as "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." FED. R. CIV. P. 55(b)(2)(A)-(D). Though the rule indicates that a hearing is not a "per se

2

requirement" for entry of a default judgment, Eleventh Circuit precedent signals that evidentiary hearings "are required in all but limited circumstances." *SEC v. Smythe*, 420 F.3d 1225, 1231-32 n. 13 (11th Cir. 2005); *see also Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746-47 (11th Cir. 2017) (citing *Smythe*). The Plaintiff respectfully requests such a hearing so that this Court may have the opportunity to ensure that the Plaintiff's Complaint states a valid cause of action and review evidence of the Plaintiff's damages for purposes of entering a default judgment against Defendant Alberto Diaz, III.

WHEREFORE, premises considered, the Plaintiff respectfully requests a default judgment in her favor against Defendant Alberto Diaz, III.

Submitted this 3rd day of November, 2023:

/s/ Kirby D. Farris
KIRBY D. FARRIS

/s/ Jessica M. Zorn
JESSICA M. ZORN
*Attorneys for the Plaintiff*

**FARRIS, RILEY & PITT LLP**
The Gray Building
1728 Third Avenue North, Suite 500
Birmingham, AL 35203
Tel: (205) 324-1212
Fax: (205) 324-1255
kfarris@frplegal.com
jzorn@frplegal.com

**CERTIFICATE OF SERVICE**

3

I hereby certify that on November 3, 2023, a true and correct copy of the foregoing proposed pleading document was properly filed via the Court's electronic CM//ECF filing system and mailed via U.S. Certified Mail, postage prepaid and properly addressed as follows:

    Alberto Diaz, III
    556 North La Paloma Street
    Rio Grande City, TX 78582

                                                 */s/ Kirby D. Farris*
                                                 KIRBY D. FARRIS

                                                 */s/ Jessica M. Zorn*
                                                 JESSICA M. ZORN
                                                 *Attorneys for the Plaintiff*

**FARRIS, RILEY & PITT LLP**
The Gray Building
1728 Third Avenue North, Suite 500
Birmingham, AL 35203
Tel: (205) 324-1212
Fax: (205) 324-1255
*kfarris@frplegal.com*
*jzorn@frplegal.com*