IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE GANTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-00126-RAH |
| ) | [WO] |
| ALBERTO DIAZ, III, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Stephanie Gantt's *Motion for Default Judgment* (Doc. 19) against Defendant Alberto Diaz, III. Upon review of the motion and the evidence presented, the Court will grant the motion, enter judgment against Defendant, and find Defendant liable to Plaintiff for $85,000 in compensatory damages.

## II. JURISDICTION AND VENUE

The Court has diversity subject matter jurisdiction under 28 U.S.C § 1332(a). The amount in controversy exceeds $75,000, and the parties are citizens of different states. Personal jurisdiction and venue are not contested.

1

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the procedure for obtaining a default judgment. An entry of default must precede an entry of a default judgment. *See* Fed. R. Civ. P. 55. When a defendant "has failed to plead or otherwise defend," and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)). The Court may but is not required to hold a hearing before entering a default judgment. "Given its permissive language, Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno*, 804 F.3d at 1366. "The district court may forego a hearing where all essential evidence is already of record." *Id.* (internal quotations omitted).

Pursuant to Federal Rule of Civil Procedure 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." If the record is sufficient, a district court may determine damages without a hearing. *See Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Damages may be awarded only if the record adequately reflects the basis for

2

award via a hearing or a demonstration by detailed affidavits establishing the necessary facts. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985). When assessing damages, a district court must "assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

## IV. BACKGROUND

### A. The Complaint

On March 3, 2023, Plaintiff filed her Complaint alleging that on August 14, 2022 on Atlanta Highway and McLemore Drive in Montgomery County, Alabama, Defendant "permitted, allowed, or caused a motor vehicle to collide with the vehicle occupied by" Plaintiff. (Doc. 1 at 2–3.) She avers that Defendant "knew or should have known that operating his motor vehicle in a manner contradictory to the understood rules of the road would cause an unsafe and unreasonably dangerous situation for himself and those around him, yet, despite such knowledge [he] operated his motor vehicle in such a way that put others in danger, thereby demonstrating wanton and reckless disregard for the health, welfare and safety of Plaintiff Stephanie Gantt." (*Id.* at 3.)

Plaintiff alleges that "as a direct or proximate cause of [Defendant's] negligence or wantonness" she had "to seek medical treatment and was prevented from going about her normal activities[,]" "incur[red] medical expenses to treat and

3

cure her injuries[,]" lost past and future wages, suffered "physical pain and mental anguish[,]" was permanently injured, and "her vehicle was rendered less valuable[.]" (*Id.* at 2–3.)  She seeks joint and several liability of compensatory and punitive damages plus costs against Defendant.  (*Id.* at 3, 4.)

**B. Service and Default**

On July 22, 2023, Plaintiff served the Defendant (Doc. 12.)  Then, after Defendant failed to appear or otherwise respond to the Complaint, on September 14, 2023, Plaintiff moved for entry of default pursuant to Rule 55 (Doc. 14), which the Court construed as an Application to the Clerk for Entry of Default, and it thereafter referred the application to the Clerk of Court for disposition (Doc. 17).  On November 3, 2023, the Clerk of Court entered default against Defendant. (Doc. 18.) Plaintiff moved for default judgment (Doc. 19) and the Court set an evidentiary hearing on the motion for November 30, 2023 (Doc. 20).

**C. Evidentiary Hearing**

Plaintiff and her counsel appeared at the evidentiary hearing on November 30, 2023.  Defendant did not.  The Court admitted and received three exhibits at the hearing: (1) seven photos of the damage to Plaintiff's car after the collision (Doc. 21-5), (2) Plaintiff's medical records and bills (Docs. 21-6 to 21-12), and (3) the traffic crash report, which the Court admitted for the sole purpose of examining the collision diagram (Doc. 21-13).

Plaintiff then testified. She is a line-worker at the Hyundai automobile assembly plant, earning roughly $28.37 per hour on ten-hour shifts. On August 14, 2022, she entered the intersection of Atlanta Highway and McLemore Drive in Montgomery County, Alabama when she had a green light. While in the intersection, Defendant ran a red light and crashed his car into the right side of Plaintiff's car.

The collision caused the airbags in Plaintiff's car to deploy. As shown by the photographs, there was significant damage to the passenger side of her car due to the t-bone collision. Her car was a total loss.

Immediately after the collision, Plaintiff felt pain in her neck and back, and she feared she was trapped in her car. Plaintiff opened her car door and an onlooker helped her to safety, some steps away from the car. She called the police and her sister for assistance.

Plaintiff then went to an emergency room complaining of a headache and neck, side, back, and right leg pain with tingling and numbness. At the ER, Plaintiff was x-rayed and CT scanned. She was found to have no broken bones, but she was diagnosed with some degenerative changes in her spine but no traumatic abnormalities.

Plaintiff was released from the ER, but her pain persisted. She received chiropractic care for approximately 2 months. Her treatment helped, going from a

10/10 on a pain scale to full range of motion but with continued soreness and stiffness.

During the middle of that treatment, Plaintiff visited her orthopedic physician who, after an MRI, diagnosed her with spondylosis, mild disc degeneration, and a small disc bulge. She was ordered to complete a round of physical therapy, which Plaintiff claims only briefly eased her pain and injuries.

According to her medical records, Plaintiff did not suffer from any pre-existing neck or back pain. Thus, her pain was new. No evidence was presented showing or suggesting that the disc bulge was unrelated to the accident, although Plaintiff's spondylosis and mild disc degeneration would not be accident related.

Today, even after treatment, Plaintiff continues to feel periodic "unbearable" pain that impacts her work performance and ability to complete daily tasks. According to Plaintiff, the car accident has taken a toll on her mental health, causing her to require longer than ten-minute breaks at work to collect her thoughts and ease her pain. Since the date of the accident, Plaintiff has taken three days of paid leave for medical appointments and recovery, using her already accumulated sick or personal leave days. Her supervisors took note of her absences, elongated work breaks, and trouble lifting and have required her to address them by writing a letter stating why she should keep her job. So far, she has kept her job.

With the exception of over-the-counter pills that she takes as needed, Plaintiff does not take prescription medication for her pain. Her last medical treatment was in approximately March 2023. During that appointment, the physician said there was nothing more that he could do for her and provided her a pamphlet detailing stretches and exercises she can perform to alleviate any remaining aches and pains.

Plaintiff testified that she has health insurance but there are two outstanding medical liens against her of $3,339.23 and $10,676.99 for the care she has received. She requests compensatory damages, including damages for her medical expenses ($27,322.67); past, present, and future pain, suffering, and mental anguish; lost wages; and permanent injury.

## V. DISCUSSION

### A. Sufficient Basis for Default Judgment

In the Eleventh Circuit, there is a "strong policy of determining cases on their merits and [courts] therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Federal Rule of Civil Procedure 55 provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Where, as here, the Defendant has

7

failed to respond to or otherwise acknowledge the pendency of a lawsuit against him after being served, entry of default judgment may be appropriate.

The law is clear, however, that a defendant's failure to appear and the Clerk's subsequent entry of default do not automatically entitle the Plaintiff to a default judgment. A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Collins v. Andrews*, No. 1:20-cv-296-ECM, 2022 WL 4537875, at *3 (M.D. Ala. Sept. 28, 2022) (quoting *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004)). *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("A default judgment cannot stand on a complaint that fails to state a claim.").

"The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *Collins,* 2022 WL 4537875, at *3. In deciding whether the allegations in the complaint are well pleaded, the "plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and quotations omitted) (cleaned up). Instead, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Plaintiff's Complaint, together with the evidence presented at the hearing, establish that Defendant was negligent when he drove his car into the intersection on a red light, and collided with Plaintiff who was in the intersection on a green light. As such, liability is established.

The Complaint, together with the evidence presented at the hearing, also establish that the Plaintiff suffered physical injuries because of the collision that resulted in medical visits, treatments, bills, and past, present, and future pain and suffering and mental anguish. She therefore has "provided a sufficient basis for the judgment entered," *Collins,* 2022 WL 4537875, at *3, and her motion for default judgment is due to be granted.

**B. Damages**

Plaintiff requests compensatory damages.[1] "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Robbie's of Key W. v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1268 (S.D. Fla. 2020) (quoting *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). "[C]ompensable

---

[1] In her Complaint, Plaintiff also sought punitive damages. However, no evidence was presented showing any conduct by the Defendant other than simple negligence. As such, no punitive damages will be awarded.

damage may not be presumed but must be proven." *Stallworth v. Shuler*, 777 F.2d 1431, 1435 (11th Cir. 1985) (citing *Carey v. Piphus*, 435 U.S. 247, 263–64 (1978)).

Plaintiff's medical records and testimony show she has incurred $27,322.67 in medical bills and lost $851.10 in gross wages (3 ten-hour shifts x $28.37 per hour), although with contractual write-downs the out-of-pocket sum is less. Plaintiff has also incurred mental anguish and pain and suffering for approximately 16 months, has experienced a disc bulge, and will continue to experience pain, suffering, and mental anguish in the future. The Court finds these injuries and damages consistent with the nature and severity of the collision. All told, the Court concludes that a total compensatory award of $85,000 is appropriate because of the Defendant's negligence in causing the collision.

## VI. CONCLUSION

For these reasons, it is **ORDERED** as follows:

1. Plaintiff's Motion for Default Judgment (Doc. 19) is **GRANTED;**

2. Judgment by default will be **ENTERED** against Defendant Alberto Diaz, III for $85,000 in compensatory damages;

3. A separate judgment will issue.

**DONE** on this the 6th day of December 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE